IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ANTHONY OLIVER,             Civil Action No.: _____

    Plaintiff,

vs.

NAVY FEDERAL FINANCIAL GROUP, L.LC.,
a limited liability company; FCA US, L.L.C.,
a limited liability company; TRANSUNION,
L.L.C., a limited liability company; EQUIFAX
INFORMATION SERVICES, L.L.C., a limited
liability company; FIRST PREMIER BANK,
a South Dakota Corporation; CAPITAL ONE
SERVICES, L.L.C., a limited liability company;
EXPERIAN INFORMATION SOLUTIONS, INC.,
a Delaware Corporation;

    Defendants.

## PLAINTIFF'S NOTICE OF INTERESTED PARTIES

Plaintiff Anthony Oliver, ("Plaintiff"), and the undersigned, counsel of record for Plaintiff Anthony Oliver, or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case.

1

These representations are made to enable the Court to evaluate possible disqualification or recusal. The following parties are:

| PARTY | CONNECTION/INTEREST |
|---|---|
| 1. Anthony Oliver | Plaintiff |
| 2. Navy Federal Financial Group, L.L.C. | Defendant |
| 3. FCA US, L.L.C. | Defendant |
| 4. TransUnion, L.L.C. | Defendant |
| 5. Equifax Information Services, L.L.C. | Defendant |
| 6. First Premier Bank | Defendant |
| 7. Capital One Services, L.L.C. | Defendant |
| 8. Experian Information Solutions, Inc. | Defendant |

Dated: November 24, 2021

Respectfully submitted,

By: _____
Anthony Oliver, Plaintiff Pro Se
470 S. Broad Street
Abbeville Georgia 31001

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ANTHONY OLIVER,

    Plaintiff,

vs.

NAVY FEDERAL FINANCIAL GROUP, L.LC.,
a limited liability company; FCA US, L.L.C.,
a limited liability company; TRANSUNION,
L.L.C., a limited liability company; EQUIFAX
INFORMATION SERVICES, L.L.C., a limited
liability company; FIRST PREMIER BANK,
a South Dakota Corporation; CAPITAL ONE
SERVICES, L.L.C., a limited liability company;
EXPERIAN INFORMATION SOLUTIONS, INC.,
a Delaware Corporation;

    Defendants.

Civil Action No.: _____

DEMAND FOR JURY TRIAL

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff [1] Anthony Oliver, ("Plaintiff"), hereby brings this Complaint for damages, and injunctive relief, and states the following:

---

[1] Plaintiff is currently positive for the Delta variant of COVID-19, and in an effort to protect the Judges, and Court staff in this Court, the Plaintiff is using a third-party attorney service company to prepare these pleadings, motions, and responses. Plaintiff has paid his filing and service of process fees, and therefore requests that this Court issue Plaintiff a conformed copy of the summons and complaint to effect service.

1

## I. PARTIES

Plaintiff Anthony Oliver, ("Plaintiff"), is a citizen of the State of Georgia, over the age of 18 years old, and will be mentioned herein at all times.

Defendant NAVY FEDERAL FINANCIAL GROUP, L.L.C., ("hereafter NAVY FEDERAL"), is a Virginia limited liability company, existing under the laws of the State of Virginia, and will be mentioned herein at all times. NAVY FEDERAL can be served through it's registered agent Corporation Service Company at 100 Shockoe Slip, 2nd Floor, Richmond Virginia 23219.

Defendant FCA US, L.L.C., ("hereafter FCA US"), is a Michigan limited liability company, existing under the laws of the State of Virginia, and will be mentioned herein at all times. FCA US can be served through it's registered agent C.T. Corporation 4701 Cox Road, Suite # 285, Glen Allen Virginia 23060.

Defendant TRANSUNION, L.L.C., ("hereafter TRANSUNION"), is a Delaware limited liability company, existing under the laws of the State of Virginia, and will be mentioned herein at all times. TRANSUNION can be served through it's registered agent Corporation Service Company at 100 Shockoe Slip, 2nd Floor, Richmond Virginia 23219.

Defendant EQUIFAX INFORMATION SERVICE, LLC., ("EQUIFAX"), is a Delaware limited liability company conducting business in the State of Virgina, existing under the laws of the State of Virginia, and will be mentioned herein at all times. EQUIFAX can be served through it's registered agent Corporation Service Company located at 2 Sun Court, Suite # 400, Peachtree Corners Georgia 30092.

Defendant First Premier Bank., ("hereafter FIRST PREMIER"), is a South Dakota Corporation, existing under the laws of the State of Virginia, and will be mentioned herein at all times. FIRST PREMIER can be served through it's registered agent at 601 S. Minnesota Avenue, Sioux Falls, South Dakota 57104.

///
///
///

Defendant CAPITAL ONE SERVICES, L.L.C., ("herefter CAPITAL ONE"), is a Delaware limited liability company conducting business in the State of Virgina, existing under the laws of the State of Virginia, and will be mentioned herein at all times. CAPITAL ONE can be served through it's registered agent Corporation Service Company at 100 Shockoe Slip, 2nd Floor, Richmond Virginia 23219.

Defendant EXPERIAN INFORMATION SOLUTIONS, INC., ("herefter EXPERIAN"), is a Delaware Corporation conducting business in the State of Virgina, existing under the laws of the State of Virginia, and will be mentioned herein at all times. EXPERIAN can be served through it's registered agent David N. Anthony of Troutman Sanders, L.L.P., at 1001 Haxall Point, 15th Fl, Richmond Virginia 23219.

## I. JURISDICTION

This Court has jurisdiction as all of the actions of the Defendants NAVY FEDERAL, FCA US, TRANSUNION, EQUIFAX, FIRST PREMIER, CAPITAL ONE, and EXPERIAN arose from this Judicial District. Further, federal jurisdiction is invoked pursuant to 15 U.S.C. §§ 1681, *et seq.*, and 1332, as the Fair Credit Reporting Act is a federal question.

## II. VENUE

Pursuant to 28 U.S.C. 1391(b)(2), venue for this action lies within this judicial district because the Defendants transacted, and continue to transact business in the Eastern District of Virginia. In addition, each of the said Defendants maintain a registered agent in this judicial district.

## III. FACTS SPECIFIC TO THE PLAINTIFF

On July 26, 2021, the Plaintiff obtained copies of his consumer credit reports by way of having his friend retrieve copies of the reports from TRANSUNION, EQUIFAX, and EXPERIAN. The copies of his credit reports were obtained from a website where a consumer, like the Plaintiff, can go online, pay a small fee, and with the proper identity question answers, can obtain all three credit reports, which will be sent by United States mail, or via email using a zip file, or PDF format from TRANSUNION, EQUIFAX, and EXPERIAN.

### A. Plaintiff Discovers Discrepancies in his FIRST PREMIER Account

After receiving the credit reports, the Plaintiff discovered numerous discrepancies with respect to several accounts on his credit reports. For instance, the Plaintiff reviewed his EXPERIAN report and noticed that his EXPERIAN report was reflecting a past due account in the amount of $ 380.00, as a debt, and the party that was reporting was FIRST PREMIER.

Further, the Plaintiffs EXPERIAN report was reporting inaccurate information concerning that the Plaintiff was late on several of his monthly FIRST PREMIER credit card payments. The Plaintiff never made any late payments to Defendant FIRST PREMIER on his credit card. Furthermore, the Plaintiff never had any form of outstanding debts owed to FIRST PREMIER.

With the discrepancies in hand, the Plaintiff decided to contest FCRA the discrepancies under the Fair Credit Reporting Act.

On October 10, 2021, the Plaintiff sent Defendants TRANSUNION, EQUIFAX, EXPERIAN, and FIRST PREMIER a demand for investigation under the Fair Credit Reporting Act, and the Plaintiff pointed to the account listed by FIRST PREMIER ending account number  # 517800658044, and how the Plaintiff never owed any money to FIRST PREMIER, and was never late. Defendants TRANSUNION, EQUIFAX, and EXPERIAN received a copy of the Plaintiffs FCRA dispute letter, and forwarded it to Defendant FIRST PREMIER, and to date, FIRST PREMIER has failed, and refused to complete, or conduct an investigation on the Plaintiffs behalf, much less respond to the Plaintiffs demand for investigation letter. What's more disturbing, is that the Plaintiff sent copies of his dispute and demand for investigation letter to TRANSUNION, EQUIFAX, and EXPERIAN demanding an investigation, and that they too refused to conduct an investigation under 15 U.S.C. § 1681s-2(b), and to date, TRANSUNION, EQUIFAX, and EXPERIAN never conducted any such investigation despite receiving the Plaintiffs dispute letter from their registered agents, TRANSUNION, EQUIFAX, and EXPERIAN never conducted an investigation, or respond to the Plaintiff in writing with the findings of their investigation.

### B. Plaintiff Discovers Discrepancies in his FCA US Automobile Loan

In addition to the discrepancies that the Plaintiff discovered on his credit reports by FIRST PREMIER, the Plaintiff also noticed that TRANSUNION, EQUIFAX, EXPERIAN, and FCA US were publishing inaccurate information on the Plaintiffs credit reports concerning his automobile loan with FCA US.

For instance, the Plaintiffs credit reports reflected an open account with an account number as 3000021023840****. This account contained false payment information.

After reviewing the Plaintiffs credit reports, TRANSUNION, EXPERIAN, and EQUIFAX credit reports for the Plaintiffs FCA US account, the Plaintiff also noticed more discrepancies by reviewing his motor vehicle loan from FCA US that is being reported as a loan of $ 21,350. But the alleged charge off amount is being reported by all three credit bureaus, TRANSUNION, EXPERIAN, and EQUIFAX as being an amount of $ 19, 809, far different from what is allegedly owed by the Plaintiff, and this is inaccurate, and as the Plaintiff pointed out, he made payments to FCA US from June of 2018 until May of 2019 for the amount of $ 612.00, on an on time basis.

Additionally, all three credit reports from TRANSUNION, EXPERIAN, and EQUIFAX went on to reflect that the Plaintiff did not make a payment to FCA US for the month of May of 2019, but the Plaintiff did in fact make the payment for that month, and has the receipt to show for it. In fact, the Plaintiffs payment for that month was paid by the Plaintiffs friend, Chicago, Illinois attorney Eugene Y. Turin of McGuire, P.C., while the Plaintiff was incarcerated.

For the month of June of 2019, the Plaintiffs TRANSUNION credit report reflected, and still reflects, a past due payment amount of $ 641.00, but his two EQUIFAX and EXPERIAN credit reports only reflect a past due payment of $ 614.00, and then for April of 2019, TRANSUNION and EXPERIAN are reflecting no payment being made to FCA US for the amount of $ 614.00, but the Plaintiff made the payment for that month as well.

Next, by calculating the amount loaned to the Plaintiff, and charge off amount of $ 19,809 compared to the payments made from June of 2018 until May of 2019, the amount that is alleged owed by the Plaintiff to FCA US is that of $ 16,452, but was, and still is, inaccurate.

With the discrepancies in hand, the Plaintiff decided to contest the FCRA discrepancies under the Fair Credit Reporting Act.

On October 10, 2021, the Plaintiff sent Defendants TRANSUNION, EQUIFAX, EXPERIAN, and FCA US to their registered agents for service to demand an investigation under the Fair Credit Reporting Act, and the Plaintiff pointed to the account listed by FCA US ending account number # 3000021023840****, and how the Plaintiffs payment information was inaccurate. And how FCA US, TRANSUNION, EQUIFAX, and EXPERIAN were reporting inaccurate information.

Defendants TRANSUNION, EQUIFAX, and EXPERIAN received a copy of the Plaintiffs FCRA dispute letter, and forwarded it to Defendant FCA US, and to date, FCA US has failed, and refused to complete, or conduct an investigation on the Plaintiffs behalf, much less respond to the Plaintiffs demand for investigation letter, and what's more disturbing, is that the Plaintiff sent copies of his dispute and demand for investigation letter to TRANSUNION, EQUIFAX, and EXPERIAN demanding an investigation, and that they too refused to conduct an investigation under 15 U.S.C. § 1681s-2(b), and to date, TRANSUNION, EQUIFAX, and EXPERIAN never conducted any such investigation. Despite receiving the Plaintiffs dispute letter from their registered agents, TRANSUNION, EQUIFAX, and EXPERIAN never conducted an investigation, or respond to the Plaintiff in writing with the findings of their investigation. Defendants TRANSUNION, EQUIFAX, EXPERIAN and FCA US breached their duty owed to the Plaintiff by refusing to conduct an investigation into the Plaintiffs FCRA claims.

### C. Plaintiff Discovers Discrepancies in his NAVY FEDERAL Loan

Also while reviewing his TRANSUNION, EQUIFAX, and EXPERIAN credit reports, the Plaintiff notified more discrepancies in his three credit reports. For instance, the Plaintiff noticed several inaccurate pieces of information for account number # 5000014060955561815.

This account stems from a debt allegedly owed by the Plaintiff to NAVY FEDERAL for the amount of $ 22, 479 that was allegedly written off on or about August 8, 2016. This account information was, and still is highly inaccurate. Not only the charge off amount of $ 22,479, was wrong, and inaccurate, but also the fact that TRANSUNION is reflecting a charge off amount of $ 22,479 on one hand, but on the other hand, EXPERIAN is reporting an entirely different charge off amount of $ 22,384 with a different charge off date of November of 2020.

Both credit reporting agencies, TRANSUNION and EXPERIAN are therefore reporting highly inaccurate information that needed to be investigated to ensure the maximum possible accuracy, and why TRANSUNION and EXPERIAN are reporting two different amounts and dates of this alleged debt to NAVY FEDERAL.

With the discrepancies in hand, the Plaintiff decided to contest the FCRA discrepancies under the Fair Credit Reporting Act.

On October 10, 2021, the Plaintiff sent Defendants TRANSUNION, EQUIFAX, EXPERIAN, and NAVY FEDERAL to their registered agents for service to demand an investigation under the Fair Credit Reporting Act. The Plaintiff also sent his demand for investigation letter Corporation Service Company, but also to the address listed on the Plaintiffs credit report. The Plaintiff pointed to the account listed by NAVY FEDERAL, and how the Plaintiffs alleged charge off account information was inaccurate. And how NAVY FEDERAL, TRANSUNION, EQUIFAX, and EXPERIAN were reporting inaccurate information on the Plaintiffs three credit reports from TRANSUNION, EQUIFAX, and EXPERIAN.

7

PLAINTIFFS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO 15 U.S.C. § 1681, et seq.

Defendants TRANSUNION, EQUIFAX, and EXPERIAN received a copy of the Plaintiffs FCRA dispute letter, and forwarded it to Defendant NAVY FEDERAL, and to date, NAVY FEDERAL has failed, and refused to complete, or even conduct an investigation on the Plaintiffs behalf, much less respond to the Plaintiffs demand for investigation letter, and what's more disturbing, is that the Plaintiff sent copies of his dispute and demand for investigation letter to TRANSUNION, EQUIFAX, and EXPERIAN demanding an investigation, and that they too refused to conduct an investigation under 15 U.S.C. § 1681s-2(b), and to date, TRANSUNION, EQUIFAX, and EXPERIAN never conducted any such investigation into the allegations properly outlined in the Plaintiffs FCRA dispute letter. Despite receiving the Plaintiffs dispute letter from their registered agents, TRANSUNION, EQUIFAX, and EXPERIAN never conducted an investigation, or respond to the Plaintiff in writing with the findings of their investigation and breached their mandatory duties to do so under the FCRA.

Rather then try and fix the problem for the Plaintiff, TRANSUNION, EQUIFAX, and EXPERIAN decided it would be in the Plaintiffs best interest to refuse to conduct an investigation, or even respond to any of the Plaintiffs demand letters for a FCRA investigation.

### D. **Plaintiff Discovers Discrepancies in his CAPITAL ONE Loan**

To make matters far worse, the Plaintiff discovered that Defendant CAPITAL ONE was reporting inaccurate information to TRANSUNION, EQUIFAX, and EXPERIAN. This account relates to the Plaintiffs CAPITAL ONE credit card that the Plaintiff opened in 2015.

On July 26, 2021, the Plaintiff discovered that for account number 517805945167****, Defendant CAPITAL ONE reported to TRANSUNION, EQUIFAX, and EXPERIAN that the Plaintiff did not make any money payments for February of 2016, and January of 2017 to Defendant CAPITAL ONE, and this was false.

8

PLAINTIFFS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO 15 U.S.C. § 1681, et seq.

Upon review of this account, the Plaintiff informed CAPITAL ONE, EQUIFAX, TRANSUNION, and EXPERIAN that the Plaintiff made payments to CAPITAL ONE for these months. CAPITAL ONE, EQUIFAX, TRANSUNION, and EXPERIAN were reporting on the Plaintiffs trade line that the payments were late, then never paid.

On October 10, 2021, the Plaintiff sent Defendants TRANSUNION, EQUIFAX, EXPERIAN, and CAPITAL ONE a joint dispute FCRA letter to their registered agents for service to demand an investigation under the Fair Credit Reporting Act. The Plaintiff pointed to the account listed by CAPITAL ONE, and how the Plaintiffs alleged payment schedules, and months were being reported as inaccurate, and simply asked the Defendants TRANSUNION, EQUIFAX, EXPERIAN, and CAPITAL ONE to rectify the problem by simply updating their databases to reflect correct information concerning payments made to CAPITAL ONE, but the problem was, which came as no surprise to anyone, TRANSUNION, EQUIFAX, EXPERIAN, and CAPITAL ONE never responded to any demand letter by the Plaintiff for investigation under the FCRA

Defendants TRANSUNION, EQUIFAX, and EXPERIAN received a copy of the Plaintiffs FCRA dispute letter, and forwarded it to Defendant CAPITAL ONE at their main office in Utah. The Plaintiff later telephoned CAPITAL ONE, and there, the Plaintiff spoke to a representative from the collection department, and the CAPITAL ONE representative confirmed CAPITAL ONE received the letter. The only thing the representative could do, or recommend, was for the Plaintiff to file another dispute letter with TRANSUNION, EQUIFAX, and EXPERIAN.

To date, TRANSUNION, EQUIFAX, EXPERIAN, and CAPITAL ONE has failed, and refused to complete, or even conduct an investigation on the Plaintiffs behalf, much less bother to respond to the Plaintiffs demand for investigation letter, and what's more disturbing, is that the Plaintiff sent copies of his dispute and demand for investigation letter to TRANSUNION, EQUIFAX, and EXPERIAN's agents for service in Virginia demanding an investigation, and that they too refused to conduct an investigation under 15 U.S.C. § 1681s-2(b).

9

PLAINTIFFS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO 15 U.S.C. § 1681, et seq.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION owed a duty to the Plaintiff to conduct a reasonable investigation after receiving the Plaintiffs proper FCRA dispute letter. Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION received copies of the Plaintiffs dispute letter from their registered agents, as well as CAPITAL ONE receiving the Plaintiffs dispute letter and then acknowledged the Plaintiffs dispute letter, then turned around and still failed and refused to conduct an investigation into the Plaintiffs FCRA claims.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER are furnishers of information, as the term is used in the FCRA. As such, the FCRA imposes duties upon NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER as found in relevant part in Section 1681s2(b).

The Plaintiffs claims against NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER is limited to a private cause of action against a furnisher of credit information to a violation of § 1681s-2(b).

Pursuant to Section 1681s-2(b), furnishers of information are required to investigate and promptly respond to notices of any consumer disputes. Specifically, once a consumer reporting agency receives notice of the disputed information from a consumer, the agency must provide notice of the dispute "to any person who provided any item of information in dispute," and the notice must "include all relevant information regarding the dispute that the agency has received from the consumer.." 15 U.S.C. § 1681i(a)(2)(A).

The person(s) who receives the notice from the consumer reporting agency must then investigate the disputed information, report the results of the investigation to the consumer reporting agency, and make any necessary modifications. 15 U.S.C. § s-2(b)(1).

Defendants EQUIFAX, EXPERIAN, and TRANSUNION are credit reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2) within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681, p.

10

PLAINTIFFS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO 15 U.S.C. § 1681, et seq.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION owed a duty to the Plaintiff under FCRA section 15 U.S.C. § 1681 s-2(b) to conduct an investigation, and reinvestigation at the Plaintiffs request, and each of the Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION refused to uphold its mandatory and statutory duties. Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION received the Plaintiffs dispute letter from it's registered agent, and despite receiving it, refused to conduct an investigation into the alleged debt that the Plaintiff asserted was not legally his, or inaccurate information, and Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION breached their duty owed to the Plaintiff causing damages.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER received the proper notice from the consumer reporting agency pursuant to the FCRA section 15 U.S.C. § 1681i(a)(2), and Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER failed to uphold their duties pursuant to FCRA provisions of 15 U.S.C. § 1681 s-2(b).

As of the date of this lawsuit, the Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION has still not answered the Plaintiffs letters, conduct an investigation, reinvestigation, or respond to the Plaintiff with the Defendants' results. As a direct result of the actions, and inactions of Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION, the Plaintiff has been damaged in an amount to be determined at trial. Plaintiff believes, and thereon alleges that the Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION refused to conduct a FCRA investigation on the Plaintiffs behalf because he is incarcerated.

---

[1] Although the Plaintiff is incarcerated, the Plaintiff will be released in approximately 180 days, and will be returning to Roanoke Virginia unless otherwise specified.

The Plaintiff believes and thereon alleges that the Plaintiff will be required to pay a higher annual percentage rate on a new vehicle loan for a new car, and a higher then usual security deposit to pay for an apartment in once the Plaintiff is released from his incarceration due to the highly inaccurate information that the Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION are reporting, or causing to be reported.

## FIRST CAUSE OF ACTION
### Fair Credit Reporting Act, 15 U.S.C. § 1681., et seq - Failure to Comply with FCRA
### (Plaintiff v. All Defendants)

Plaintiff re-alleges and reincorporates each of the paragraphs as stated herein.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION owed a duty to the Plaintiff to conduct a reasonable investigation into a fraudulent debt that the Plaintiff complained about in his dispute letters, but NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION refused to do so pursuant to the FCRA.

NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION has a mandatory and statutory duty to conduct a meaningful investigation, and breached it's mandatory duties causing damages to the Plaintiff.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, and FIRST PREMIER received a written notice of the dispute from the Plaintiff through their registered agents, and NAVY FEDERAL, FCA US, CAPITAL ONE, and FIRST PREMIER still failed and refused to conduct an investigation. Furthermore, EQUIFAX, EXPERIAN, and TRANSUNION received copies of the Plaintiffs dispute letters from their registered agents, and also refused to conduct an investigation.

As a direct result of Defendants actions, or inactions, the Plaintiff has been damaged in an amount to be determined at trial.

12

PLAINTIFFS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO 15 U.S.C. § 1681, et seq.

## SECOND CAUSE OF ACTION
## Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)
## (Plaintiff v. All Defendants)

Plaintiff re-alleges and reincorporates each of the paragraphs as stated herein.

Under section 1681s-2(b), NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION owed a duty under this section of the Fair Credit Reporting Act to investigate any dispute upon receiving a proper dispute notice from the Plaintiff.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION received the Plaintiffs dispute notice from several consumer reporting agencies, and still refused to comply with their mandatory, and statutory duties owed to the Plaintiff.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER, EQUIFAX, EXPERIAN, and TRANSUNION breached it's mandatory duty owed to the Plaintiff causing injury to the Plaintiff.

Defendant EQUIFAX, EXPERIAN, and TRANSUNION are credit reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2) within the meaning of the Fair Credit Reporting Act. Defendants EQUIFAX, EXPERIAN, and TRANSUNION owed a duty to the Plaintiff under 15 U.S.C. § 1681 s-2(b) to conduct an investigation.

Defendants NAVY FEDERAL, FCA US, CAPITAL ONE, FIRST PREMIER are consumer reporting agencies within the meaning of the Fair Credit Reporting Act and owed a duty to the Plaintiff under 15 U.S.C. § 1681 s-2(b) to conduct an investigation, but they refused to do so.

As a director result of the actions, inactions, and breach of the Defendants mandatory and statutory duties, the Plaintiff will now have to pay a higher APR, or deposit to benefit from any consumer loan on any future consumer accounts, home, or new car. Plaintiff has been damaged in an amount to be proven at trial.

13

PLAINTIFFS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO 15 U.S.C. § 1681, et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff Anthony Oliver respectfully requests the following relief:

1. For an order of this Court for an award of general damages according to proof;
2. For an award of special damages according to proof if any;
3. For an order of this Court declaring that the Defendants violated their mandatory and statutory duties owed to the Plaintiff under the FCRA, and that the Defendants violated the FCRA;
4. For an order directing the Defendants to correct and update his personal information on his credit trade lines;
5. For an order of this Court directing the Defendant to delete the aforementioned debt from the Plaintiffs credit trade line;
6. For an award of all costs of suit against the Defendant pursuant to 28 U.S.C. § 1920; and Fed.R.Civ.P. rule 54(d); and
7. Any other relief as this Court deems just and proper.

Dated: November 24, 2021              Respectfully submitted,

By: _____
Anthony Oliver, Plaintiff Pro Se
470 S. Broad Street
Abbeville Georgia 31001

14

PLAINTIFFS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO 15 U.S.C. § 1681, et seq.

## JURY TRIAL DEMAND

Plaintiff Anthony Oliver hereby requests, pursuant to the Seventh Amendment to the United States Constitution, and Federal Rules of Civil Procedural, rule 37, the Plaintiff hereby respectfully requests a demand for jury trial.

Dated: November 24, 2021

Respectfully submitted,

By: _____
Anthony Oliver, Plaintiff Pro Se
470 S. Broad Street
Abbeville Georgia 31001